UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-08778 |
| | ) | |
| v. | ) | |
| | ) | |
| LIONEL PIPER, DENNIS HUBERTS, | ) | |
| JEFFREY WEST, GREGORY | ) | SECTION 1983 COMPLAINT |
| SLOYAN, DACHAE BLANTON, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | | |

COMPLAINT

NOW COMES Plaintiff, DARRYL MOORE, by and through his attorneys, and complains against the Defendants, LIONEL PIPER, JEFFREY WEST, DENNIS HUBERTS, GREGORY SLOYAN, DACHAE BLANTON, and CITY OF CHICAGO as follows:

Jurisdiction and Venue

1.      This is an action for constitutional violations by Chicago police officers.

2.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

3.      This court has jurisdiction by virtue of 28 U.S.C. Sections 1343 and 1331.

4.      Venue is proper in the Northern District of Illinois under 28 U.S.C. Section 1391 because the acts complained of occurred here and, upon information and belief, the Defendants reside here.

<u>Parties</u>

5.      At all times herein mentioned, Plaintiff, Darryl Moore, was and is a citizen of the United States, and resides within the jurisdiction of this court.

6.      At all times herein mentioned, Defendant LIONEL PIPER was employed by the City of Chicago Police Department and was acting under color of state law and within the scope of his employment for the City of Chicago. This Defendant is being sued in his individual capacity.

7.      At all times herein mentioned, Defendant JEFFREY WEST was employed by the City of Chicago Police Department and was acting under color of state law and within the scope of his employment for the City of Chicago.  This Defendant is being sued in his individual capacity.

8.      At all times herein mentioned, Defendant DENNIS HUBERTS was employed by the City of Chicago Police Department and was acting under color of state law and within the scope of his employment for the City of Chicago. This Defendant is being sued in his individual capacity.

9.      At all times herein mentioned, Defendant SGT. GREGORY SLOYAN was employed by the City of Chicago Police Department was acting under color of state law and within the scope of his employment for the City of Chicago. This Defendant is being sued in his individual capacity.

10.      At all times herein mentioned, Defendant SGT. DACHAE BLANTON was employed by the City of Chicago Police Department was acting under color of state law and within the scope of his employment for the City of Chicago. This Defendant is being sued in his individual capacity.

11.     At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois, and maintained, managed, and/or operated the City of Chicago Police Department.

Facts

12.     On April 6, 2013, the defendant officers executed a search warrant at 239 W. 105th St., Chicago, IL (hereinafter "the home").

13.     The home was owned by Moore's great-grandmother.

14.     Moore did not live at the home on April 6, 2013.

15.     The officers claimed that they found cocaine in the rafters of the home's basement ceiling.

16.     The officers claimed that they found ammunition in a drawer of a table in one of the living areas of the home.

17.     The defendant police officers pressured Moore to "give them a gun." They threatened that if he did not, they would charge him with possessing the ammunition and drugs they said they had found—despite their having no evidence he possessed those things.

18.     When he told them that he did not have a gun to give them, they carried through on their threat: they charged (or caused him to be charged) him with possession of ammunition and crack cocaine.

19.     The officers drafted police reports that included false statements that they saw Moore climb out a window and run (to demonstrate "consciousness of guilt") and that they had

3

found "proof of residency" at the home, despite the fact that the letter was more than 6 months old[1].

20.     They then sent Moore (or caused him to be sent) to Cook County Jail, where he remained for over 6 months until his trial on October 28, 2013.

21.     During the course of his criminal prosecution, the defendant police officers submitted false reports to prosecutors and gave false accounts to prosecutors, which those prosecutors relied upon to prosecute Moore.

22.     At a bench trial on October 28, 2013, Moore was found guilty and sentenced to 6 years in the Illinois Department of Corrections.

23.     The evidence that the officers fabricated and submitted to prosecutors was used to secure Moore's pre-trial detention and obtain his conviction.

24.     The Defendants' actions were intentional, willful and wanton.

25.     Moore appealed his conviction.

26.     The appellate court reversed his conviction on December 16, 2015.

27.     Moore was set free on or around January 26, 2016.

28.     Before his release, Moore had spent twenty-seven (27) months imprisoned in the Illinois Department of Corrections.

Count I: Against the Individual Officers for Unlawful Post-Arrest, Pre-Trial Detention

29.     Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

---

[1] Prior to April 6, 2013, the Illinois Appellate Court had held that a six-month-old letter was insufficient to establish residency under a theory of constructive possession. *People v. Ray,* 232 Ill. App. 3d 459.

30.     The Fourth Amendment of the U.S. Constitution protects people from post-arrest, pretrial detentions without probable cause.

31.     The defendant police officers violated Moore's rights in one or more of the following ways: they knowingly fabricated evidence that was used to secure Moore's post-arrest, pre-trial detention; they charged him with crimes for which they had no probable cause because he did not give them a gun as they demanded[2]; they caused him to be charged with and prosecuted for possession of ammunition without any basis to believe he possessed ammunition; and they caused him to be charged with and prosecuted for possession of cocaine without any basis to believe he possessed cocaine.

32.     Moore was damaged by these violations of his rights: he spent more than 6 months in Cook County Jail prior to his conviction.

33.     His conviction was reversed on December 16, 2015.

34.     As a result of the above described facts, the defendant police officers are liable to Darryl Moore under Section 1983.

35.     Plaintiff asks that punitive damages be awarded against the Defendants to punish them, but also to deter them and others like them from engaging in such behavior in the future.


Count II: Against the Individual Officers for Violations of Due Process

32.     Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

---

[2] A *Monell* claim based on similar Chicago police behavior is alleged in *Stokes v. City of Chicago et al*, Case No. 16-cv-10621, currently pending in the Northern District of Illinois.

33.     Under the U.S. Constitution, no person shall be deprived of liberty without due process of law.

34.     The defendant police officers violated Moore's rights in one or more of the following ways: they knowingly fabricated evidence that was introduced against him at his criminal trial and that was material to obtaining his conviction, thereby depriving him of a fair trial; they knowingly fabricated evidence that was used to secure Moore's post-arrest, pre-trial detention; they charged him with crimes for which they had no probable cause because he did not give them a gun as they demanded; they caused him to be charged with and prosecuted for possession of ammunition without any basis to believe he possessed ammunition; and they caused him to be charged with and prosecuted for possession of cocaine without any basis to believe he possessed cocaine.

35.     Moore was damaged by these violations of his rights: he spent 2.8 years behind bars (first in Cook County jail and then in Illinois Department of Corrections).

36.     His conviction was reversed on December 16, 2015.

37.     As a result of the above described facts, the defendant police officers are liable to Darryl Moore under Section 1983.

38.     Plaintiff asks that punitive damages be awarded against the Defendants to punish them, but also to deter them and others like them from engaging in such behavior in the future.

Count III: Against the City of Chicago for Indemnification

39.     Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

40.     Pursuant to 745 ILCS 10/9-102, the City of Chicago is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which an employee while acting within the scope of his employment is liable.

41.     The acts of the individual defendants were committed within the scope of their employment.

42.     In the event that a judgment for compensatory damages is entered against any or all of the individual defendants, the City of Chicago must pay the judgment[3] and may pay the associated attorneys' fees and costs.

WHEREFORE, DARRYL MOORE, by and through his attorney, Law Office of Julie O. Herrera, request that LIONEL PIPER, JEFFREY WEST, DENNIS HUBERTS, GREGORY SLOYAN and DACHAE BLANTON be found liable and that they be ordered to pay compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S. Code § 1988, and costs; and that the City of Chicago be ordered to pay all of the award except punitive damages.

Respectfully submitted,

BY:     _ Julie O. Herrera _____

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com

---

[3] excluding punitive damages

7